■ LAWRENCE A. WEINREICH, Appellant, v GAIL WEINREICH, Respondent.—In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Nassau County, entered May 26, 1989, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Colby, J.), dated August 23, 1990, which, *inter alia,* (1) denied his cross motion to set aside or modify a prior order of the same court (Di Noto, J.), dated February 28, 1990, which, *inter alia,* denied his application for a transfer of custody of the parties' two minor children to him and for suspension, and/or reduction of child support, and (2) granted the defendant wife's motion to hold him in contempt of the prior order dated February 28, 1990, to the extent of directing him to comply with certain of its provisions.

■ LAWRENCE A. WEINREICH, Appellant, v GAIL WEINREICH, Respondent.—In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Nassau

County, entered May 26, 1989, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Di Noto, J.), dated February 28, 1990, which, *inter alia,* denied his cross motion for a transfer of custody of the parties' two minor children to him and for the suspension or reduction of child support.

Ordered that the order is affirmed, with costs.

The husband commenced the instant action for a divorce and ancillary relief against the defendant wife in August 1988. Prior to the entry of the judgment of divorce, the husband and wife entered into a duly executed stipulation of settlement, which awarded the wife custody of the children. The stipulation was incorporated but not merged in the judgment of divorce. Subsequent to the execution of the stipulation and the entry of the judgment of divorce, the wife moved in the Supreme Court, Nassau County, to enforce certain terms of the stipulation. Thereafter, the husband sought, *inter alia,* (1) to transfer custody of the parties' two minor children to him, or to increase his visitation, and (2) to suspend or reduce his agreed-upon child support payments.

The court correctly determined that there should be no change of custody of the parties' two children *(see, Keating v Keating,* 147 AD2d 675, 677). Although it was improper for the mother to adhere to the children's expressed wishes to forego visitation with their father *(see, Matter of Hughes v Wiegman,* 150 AD2d 449), the father has also contributed to the problems surrounding visitation. Therefore, the court properly refused to transfer custody to him, or increase his visitation *(see, Skolnick v Skolnick,* 142 AD2d 570). Nor was it improper for the court to deny the husband's request to suspend or reduce his child support payments. The mother's position with regard to visitation did not rise to the level of active interference with or deliberate frustration of the husband's visitation rights *(see, Ginsberg v Ginsberg,* 164 AD2d 906; *Resnick v Zoldan,* 134 AD2d 246, 247).

We have examined the husband's remaining contentions and find that they lack merit. Mangano, P. J., Sullivan, Harwood and O'Brien, JJ., concur.