■ In the Matter of DAVID CROUSE, Respondent, v CINDY CROUSE, Appellant. CINDY CROUSE, Now Known as CINDY CLARK, Appellant, v DAVID CROUSE, Respondent. [862 NYS2d 615]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Saratoga County (Hall, J.), entered March 9, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to terminate his child support obligation, and (2) from an order of the Supreme Court (Hall, J.), entered March 9, 2007 in Saratoga County, which partially denied plaintiff's motion to, among other things, hold defendant in contempt for violating a prior order.

Upon their divorce in 1999, the parties (hereinafter referred to as the father and the mother) were awarded joint legal custody of their son and daughter (born in 1986 and 1990, respectively), with the mother having primary physical custody and the father receiving therapeutic visitation. A stipulation of settlement that was incorporated into the judgment of divorce required (1) the father to pay child support, (2) the mother to obtain written consent of the father, or a court order, before relocating with the children if such relocation would affect the father's visitation, and (3) both parties to "contribute as a reasonable parent would to the [children's] college education." Subsequently, in February 2006, Supreme Court issued an order on consent based on a stipulation of settlement which, among

other things, clarified the judgment of divorce by directing that each of the parties be required to pay 50% of the children's college expenses.

Following their divorce, the father's relationship with the children deteriorated to the point that visitation ceased around 1999. In 2005, the mother moved with the children to Georgia. In July 2006, the father commenced a proceeding seeking to terminate his child support obligation based on, among other grounds, the mother's unjustifiable frustration of his visitation with the children. The mother then moved, in the context of the divorce action, to hold the father in contempt for violating the February 2006 consent order by failing to pay one half of the son's college expenses. The mother further sought payment of the father's share of those expenses.

After a consolidated hearing, Family Court issued an order granting the father's application to suspend child support on the ground that the mother actively, knowingly and effectively frustrated the father's efforts to maintain a relationship with the children. By a separate order, Supreme Court declined to hold the father in contempt for violating the consent order, reasoning that, under the circumstances, his failure to pay the son's college expenses was not willful. The court then "clarified" the terms of the consent order by (1) limiting the father's liability to one half of the tuition paid by the mother for the son's attendance at the State University of New York at Cobleskill, the college the son was then attending, (2) capping the father's obligation at an amount equal to the cost of tuition at that school, even if the son later chose to attend a more expensive college, (3) providing that the father's responsibility for tuition would end with the semester in which the son reached 21 years of age, and (4) stating that the father may decide whether or not to bear any portion of the daughter's possible college expenses. The mother appeals from both orders.

With respect to the order of Family Court, the mother contends that the court erred in suspending the father's child support obligation. In that regard, we note that a parent has a statutory duty to support a child until the age of 21 (*see* Family Ct Act § 413 [1] [a]). However, where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent, child support payments may be suspended (*see Usack v Usack*, 17 AD3d 736, 737-738 [2005]; *Matter of Smith v Bombard*, 294 AD2d 673, 675 [2002], *lv denied* 98 NY2d 609 [2002]). On the record before us, we find that the father did not sustain his burden of demonstrating that his support obligation should be

suspended. By his own admission, he made no effort to resume visitation with his children after the therapeutic visitation terminated, apparently by mutual consent, in 1999. Although he regularly sent the children birthday and Christmas cards containing checks, he did not otherwise attempt to contact them, either directly or through the mother, nor did he initiate any court proceedings seeking to enforce his visitation rights (*see Matter of Smith v Bombard*, 294 AD2d at 675). Furthermore, he was unaware that they had relocated out of state in 2005 until he was informed by the daughter's school, upon his request for her report card, that her records had been transferred to a school in Georgia. Unfortunately, when the father encountered his children at the trial in this matter, he did not recognize them because he had not seen them in approximately six years.

With respect to the mother, although she made very little effort to fulfill her duty to " 'assure meaningful contact between the children and the [father]' " (*Usack v Usack*, 17 AD3d at 739, quoting *Matter of Raybin v Raybin*, 205 AD2d 918, 921 [1994]), the record does indicate that she forwarded the children's report cards, as well as educational, medical and contact information, to the father through her attorney, and that she urged the children to call the father on his birthday and to thank him for the checks he sent in his cards, which they refused to do. While the mother certainly could have done more to promote a relationship, we cannot say that the record herein supports the conclusion that she intentionally "orchestrated and encouraged the estrangement of [the father] from the children" (*Usack v Usack*, 17 AD3d at 739), or that she actively interfered with or deliberately frustrated his visitation rights (*see Matter of Kershaw v Kershaw*, 268 AD2d 829, 830 [2000]; *Weinreich v Weinreich*, 184 AD2d 505, 506 [1992]). Moreover, although the father argues that the mother did not comply with the court order concerning relocation, the record does not support the conclusion that the mother's move to Georgia, which occurred several years after the father had last exercised visitation with the children, was motivated by her desire to further distance the children from him.

Under all of these circumstances, we find that the children's alienation from the father resulted from a general breakdown in communication and lack of effort by all concerned (*see Weinreich v Weinreich*, 184 AD2d at 506). Accordingly, the father's child support payments should be reinstated retroactively to the date of suspension.

Turning to the order of Supreme Court, the mother argues that the court abused its discretion by modifying the February

2006 stipulation of settlement since the father neither alleged nor proved that it was unfair or overbroad, or entered into by virtue of duress or coercion. We agree. "A stipulation of settlement which is made in open court by parties who are represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability" (*Fox v Merriman*, 307 AD2d 685, 686 [2003] [citations omitted]; *see Barzin v Barzin*, 158 AD2d 769, 770 [1990], *appeal dismissed* 77 NY2d 834 [1991]). It is undisputed that the stipulation herein was voluntarily made by the mother and the father in open court after consultation with their attorneys. Counsel for both parties were present in the courtroom, and the stipulation was thereafter memorialized in an order entered on consent. This record does not indicate that the terms of the stipulation were manifestly unfair and the father has not set forth any arguments warranting alteration. Therefore, to the extent that Supreme Court capped the father's contribution at an amount equal to one half of the tuition at the State University of New York at Cobleskill, terminated the father's obligation for the son's college expenses following the semester in which he turned 21 years old, and relieved the father of any obligation to share in the daughter's possible college expenses, the court's order should be reversed.

Peters, Spain, Carpinello and Stein, JJ., concur. Ordered that the order entered March 9, 2007 in the Family Court proceeding is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision. Ordered that the order entered March 9, 2007 in the Supreme Court action is modified, on the law, without costs, by reversing so much thereof as modified the terms of the February 2006 consent order; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.