In a matrimonial action in which the parties were divorced by judgment dated December 3, 2004, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colangelo, J.), dated September 12, 2012, as denied, without a hearing, that branch of his motion which was to suspend his obligation to pay child support.
Ordered that the order is affirmed insofar as appealed from, with costs.
Generally, parents have a statutory duty to continually support their children until they reach 21 years of age (see Family Ct Act § 413 [1] [a]; Foster v Daigle, 25 AD3d 1002, 1004 [2006]). “ ‘However, where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent, child support payments may be suspended’ ” (Matter of Thompson v Thompson, 78 AD3d 845, 846 [2010], quoting Matter of Crouse v Crouse, 53 AD3d 750, 751 [2008]; see Ledgin v Ledgin, 36 AD3d 669, 670 [2007]; Usack v Usack, 17 AD3d 736, 737-738 [2005]; Doyle v Doyle, 198 AD2d 256 [1993]; Matter of Welsh v Lawler, 144 AD2d 226, 228 [1988]).
Here, contrary to the plaintiff’s contention, the Supreme Court properly denied, without a hearing, that branch of his motion which was to suspend his obligation to pay child support. The plaintiff alleges continuing conduct on the part of the defendant which, if proved, would not “rise to the level of ‘de *878 liberate frustration’ or ‘active interference’ with the noncustodial parent’s visitation rights” (Ledgin v Ledgin, 36 AD3d 669, 670 [2007], quoting Weinreich v Weinreich, 184 AD2d 505, 506 [1992]; see Matter of Rivera v Echavarria, 48 AD3d 578 [2008]; Matter of Smith v Graves, 305 AD2d 419 [2003]). Eng, P.J., Rivera, Hall and Lott, JJ., concur.