In the Matter of DANIEL A. VASQUEZ, Respondent, v KELLY J. POWELL, Appellant. (Proceeding No. 1.) In the Matter of KELLY J. POWELL, Appellant, v DANIEL A. VASQUEZ, Respondent. (Proceeding Nos. 2 and 3.) [974 NYS2d 552]—

In related proceedings pursuant to Family Court Act articles 4 and 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Whelan, J.), dated April 20, 2012, as, after a hearing, denied her petition, inter alia, for a downward modification of her child support obligation as set forth in an order of the same court (Joseph-Cherry, S.M.) dated April 19, 2010, and her separate petition to hold the father in civil contempt for allegedly violating a prior order of visitation, and granted the father's petition alleging that she was in willful violation of her child support obligation as set forth in the order dated April 19, 2010, and, among other things, directed her to pay child support in the sum of $5,000 on or before May 31, 2012.

Ordered that the order dated April 20, 2012, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly denied the mother's petition for a downward modification of her child support obligation. "To establish entitlement to a downward modification of a child support order, a party has the burden of showing that there has been a substantial change in circumstances" (*Matter of Gansky v Gansky*, 103 AD3d 894, 895 [2013]). A parent's loss of employment may constitute a substantial change in circumstances where the parent has demonstrated that her employment was terminated through no fault of her own and that she diligently sought to obtain re-employment commensurate with her earning capacity (*see Matter of DaVolio v DaVolio*, 101 AD3d 1120 [2012]; *Matter of Riendeau v Riendeau*, 95 AD3d 891, 892 [2012]). Here, the record demonstrates that the mother voluntarily left her employment. Furthermore, she failed to show that she diligently sought re-employment. Accordingly, the mother failed to prove a change of circumstances warranting a downward modification of her support obligation.

The mother further sought to suspend child support payments and to cancel her child support arrears based upon the father's alleged violation of a visitation order, and to hold the father in civil contempt for the alleged violation. Initially, deliberate interference by a parent with court-ordered visitation does not constitute a ground to cancel child support arrears (*see*

*Ledgin v Ledgin,* 36 AD3d 669 [2007]). Interference with visitation rights can be a basis for prospectively suspending child support payments, but only "where the custodial parent's actions rise to the level of 'deliberate frustration' or 'active interference' with the noncustodial parent's visitation rights" (*id.* at 670, quoting *Weinreich v Weinreich,* 184 AD2d 505, 506 [1992]; *see Jones v Jones,* 109 AD3d 877 [2013]). Here, the mother failed to demonstrate that the father actively interfered with or deliberately frustrated her visitation rights. Rather, the evidence showed that, while the father does not force the parties' son to visit with the mother, he does encourage visitation. Similarly, the mother failed to show that the father willfully violated the visitation order so as to warrant holding him in contempt (*see Matter of Kraemer v Strand-O'Shea,* 66 AD3d 901 [2009]).

The Family Court properly granted the father's petition alleging that the mother was in willful violation of her child support obligation. The mother's undisputed failure to pay child support as ordered constituted prima facie evidence of a willful violation of the order of support (*see Matter of Bianco v Bruce-Ross,* 107 AD3d 886 [2013]; *Matter of Logue v Abell,* 97 AD3d 582, 583 [2012]). The burden then shifted to the mother to offer competent, credible evidence of her inability to pay (*see Matter of Bianco v Bruce-Ross,* 107 AD3d at 886; *Matter of Logue v Abell,* 97 AD3d at 583). The mother failed to meet that burden. She admitted that she voluntarily left her position as a bookkeeper and failed to produce sufficient evidence that she had since actively sought re-employment (*see Matter of Logue v Abell,* 97 AD3d at 583; *Matter of Cooper v Robertson,* 69 AD3d 714 [2010]). In addition, the mother failed to provide proof of any medical or psychological condition that would prevent her from working. Accordingly, the Family Court properly determined that the mother willfully failed to pay child support. Rivera, J.P., Skelos, Chambers and Hall, JJ., concur.