██ In the Matter of SANTOS E. ARGUETA, Appellant, v TAMI A. BAKER, Formerly Known as TAMI A. PALATSKY, Respondent. [27 NYS3d 237]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated March 20, 2015. The order denied the father's objections to an order of that court (Aletha V. Fields, S.M.) dated October 10, 2014, which, after a hearing, dismissed his petition to terminate or suspend his child support obligation and his obligations to pay child care expenses and provide health insurance for the child.

Ordered that the order dated March 20, 2015 is reversed, on the law and the facts, without costs or disbursements, the father's objections to the order dated October 10, 2014 are granted, the order dated October 10, 2014 is vacated, and the father's petition is granted to the extent that his child support obligation is suspended and his obligations to pay child care expenses and provide health insurance for the child are terminated.

The father and the mother are the parents of a child who was born in December 2004. In 2009, the parties stipulated to an order of support on consent, which provided that the father would pay $123.63 per week in child support to the mother, $30 of which was allocated for child care expenses. The order of support also required the father to continue coverage of the child under his health insurance plan. In 2013, the mother moved with the child to Florida without the father's consent. In March 2014, the father filed a petition seeking to modify the order of support by suspending or terminating his child sup-

port obligations on the ground that the mother was interfering with his visitation. In an order dated October 10, 2014, made after a hearing, a Support Magistrate dismissed the petition. In the order appealed from, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.

Interference with visitation rights can be the basis for suspension of child support, but such relief is warranted only where the custodial parent's actions rise to the level of " 'deliberate frustration' " or " 'active interference' " with the noncustodial parent's visitation rights (*Ledgin v Ledgin*, 36 AD3d 669, 670 [2007], quoting *Weinreich v Weinreich*, 184 AD2d 505, 506 [1992]). Here, the father demonstrated that the mother actively interfered with and deliberately frustrated his visitation with the child by, inter alia, failing to provide him with the child's Florida address, preventing him from seeing the child when he was in Florida, and failing to notify him when the child was in New York. Therefore, the Family Court should have granted that branch of the petition which was to suspend the father's child support obligation.

Further, the evidence presented at the hearing established that the mother was no longer incurring child care expenses. Therefore, the Family Court should have granted that branch of the petition which was to terminate the father's obligation to pay for child care expenses.

In addition, under the circumstances of this case, the father's obligation to provide health insurance should also have been terminated. The health insurance that the father was providing was ineffective in Florida, and the mother asked the father to cancel his coverage for the child so she could obtain health insurance for the child in Florida. Based upon the mother's actions in unilaterally moving the child and asking the father to cancel coverage for the child under his health insurance plan, the mother should be responsible for future health insurance costs for the child. Accordingly, the Family Court should have granted that branch of the petition which was to terminate the father's obligation to provide health insurance for the child.

The father's remaining contention need not be reached in light of our determination. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.