Matter of O'Brien v Rutland (2020 NY Slip Op 01222)





Matter of O'Brien v Rutland


2020 NY Slip Op 01222


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

527683

[*1]In the Matter of Erica O'Brien, Respondent,
v
Richard Rutland, Appellant.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Karen L. Kimball, Wynantskill, for appellant.
John N. Clo, Gloversville, for respondent.



Devine, J.
Appeal from two orders of the Family Court of Schenectady County (Burke, J.), entered December 13, 2017 and September 26, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for an order of child support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of a daughter (born in 1998) and a son (born in 2002). As set forth in our prior decision (Matter of Rutland v O'Brien, 143 AD3d 1060 [2016]), a 2014 order awarded the father sole legal custody of the children and afforded the parties alternating weeks of parenting time. The daughter began living exclusively with the mother in 2015, prompting the mother to file, as is relevant here, a 2016 support petition with regard to her.[FN1] The father raised affirmative defenses that required a hearing before Family Court. The hearing resulted in an order, entered in December 2017, in which Family Court dismissed the affirmative defenses and directed the Support Magistrate to calculate the father's support obligation. Following a trial, the Support Magistrate did so. The father then filed numerous objections that, in an order entered in September 2018, were denied by Family Court. The father appeals from the December 2017 and September 2018 orders.[FN2]
First, the father's obligation to support the daughter ceased when she reached 21 years of age during the pendency of this appeal (see Family Ct Act § 413 [1] [a]). In the absence of a continuing support obligation, the mother argues that this appeal is moot. She overlooks that, "where a final order of support 'retroactively sets a higher rate than that paid during the pendency of the [proceeding, thereby] creating an immediate arrearage,' credit should be given regarding such arrearage" (Matter of Tompkins County Support Collection Unit v Chamberlain, 305 AD2d 813, 814 [2003], quoting Vicinanzo v Vicinanzo, 210 AD2d 863, 864 [1994]; see Matter of Rapp v Horbett, 174 AD3d 1315, 1317 [2019]; Matter of Taddonio v Wasserman-Taddonio, 51 AD3d 935, 936 [2008]; Baraby v Baraby, 250 AD2d 201, 205 [1998]). Inasmuch as those arrears exist here and are still being paid by the father, the appeal is not moot.
Turning to the merits, regardless of the terms of the 2014 order, the mother became the de facto custodial parent and was entitled to seek a support order after the daughter began residing with her (see Family Ct Act §§ 413, 422; Matter of Hathaway v Kilroy, 227 AD2d 702, 703 [1996]). The father argued that his obligation to support the daughter ceased because of parental alienation and the daughter's abandonment, but we do not agree. Family Court was well aware of "the abundant evidence of conflict between the parties" prior to the issuance of the 2014 order (Matter of Rutland v O'Brien, 143 AD3d at 1063). The record reveals that the parenting schedule set forth in the 2014 order was not derailed by those conflicts, but rather by the daughter's anger at efforts by the father to restrict her work schedule and social life. The mother made efforts to resolve the dispute, some of which the father refused to participate in and none of which convinced the daughter to submit to the terms of the 2014 order, and further encouraged the daughter to maintain a relationship with the father. It is also undisputed that the daughter continued to communicate with and see the father, even if he viewed those efforts as deficient. We accord deference to Family Court's assessment that the foregoing proof was credible (see Matter of Barney v Van Auken, 97 AD3d 959, 961 [2012], lv denied 20 NY3d 856 [2013]) and agree with it that the father failed to establish that the mother "intentionally orchestrated and encouraged the estrangement of the father from the [daughter] or that she actively interfered with or deliberately frustrated his visitation rights" (Matter of Curley v Klausen, 110 AD3d 1156, 1157 [2013] [internal quotation marks, citations and brackets omitted]; see Matter of Crouse v Crouse, 53 AD3d 750, 752 [2008]). Further, in view of the daughter's continuing relationship with the father, it cannot be said that she "actively abandon[ed]" him "by refusing all contact and visitation, without cause" (Matter of Chamberlin v Chamberlin, 240 AD2d 908, 909 [1997]; see Matter of Naylor v Galster, 48 AD3d 951, 952 [2008]). We accordingly perceive no error in Family Court rejecting the father's affirmative defenses and directing that the matter be placed before the Support Magistrate.
As for the award of child support, the daughter lived with the mother, attended school and worked part time, and Family Court properly upheld the Support Magistrate's finding that the daughter was "neither self-supporting nor free from parental control" so as to be emancipated before the age of 21 (Matter of Burns v Ross, 19 AD3d 801, 802 [2005]; see Decker v Decker, 148 AD3d 1272, 1275 [2017]). Family Court properly rejected the father's objection that his 2017 income tax return — which reflected overtime pay that he suggested might not be available in the future, but that he failed to show was absent in prior years and that other proof indicated he was continuing to receive — should not have been used to calculate his support obligation (see Holcomb v Holcomb, 148 AD2d 915, 916 [1989]). In the absence of persuasive proof that the mother's "ability to earn sufficient means to pay child support" was any different than the income that she was earning, there was also no abuse of discretion in refusing to impute additional income to her (Orlando v Orlando, 222 AD2d 906, 907 [1995], lv dismissed and denied 87 NY2d 1052 [1996]; see Matter of Hall v Davis, 176 AD3d 1374, 1375 [2019]). We do agree that Family Court should have sustained the father's objection to the Support Magistrate omitting rent, admittedly paid to the mother by her fiancÉ, from her income (see Family Ct Act § 413 [1] [f] [1]; Matter of Carr v Carr, 309 AD2d 1001, 1004 [2003]). We accordingly remit so that Family Court may add that amount to the mother's income, recalculate the father's support obligation and make whatever adjustments are necessary to the amount of arrears.
The father's remaining contentions, to the extent that they are preserved for our review, have been examined and found to be meritless.
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal from the order entered December 13, 2017 is dismissed, without costs.
ORDERED that the order entered September 26, 2018 is modified, on the law, without costs, by reversing so much thereof as awarded petitioner child support in the amount of $523 every two weeks and retroactive child support; matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Prior to the 2016 support petition, the mother filed a petition to modify the custodial arrangements of the 2014 order, and the father filed a petition alleging that the mother had violated the terms of that order. The former was dismissed and the latter was granted shortly before the daughter turned 18 years of age.

Footnote 2: Inasmuch as an appeal as of right does not lie from the nonfinal December 2017 order, the father's appeal from that order must be dismissed (see Family Ct Act § 1112 [a]; Matter of McCoy v McCoy, 134 AD3d 1206, 1207 [2015]). The father's appeal from the September 2018 "final order brings up for review the issues raised on appeal from [that] nonfinal order" (Matter of Curley v Klausen, 110 AD3d 1156, 1156 n 1 [2013]).