Matter of Frederick-Kane v Potter (2020 NY Slip Op 06179)





Matter of Frederick-Kane v Potter


2020 NY Slip Op 06179


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

528300

[*1]In the Matter of Kate A. Frederick-Kane, Respondent,
v
Timothy J. Potter, Appellant. (And Another Related Proceeding.)

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Bailey, Johnson & Peck, PC, Albany (Monique B. McBride of counsel), for appellant.
Kate A. Frederick-Kane, Watervliet, respondent pro se.



Lynch, J.P.
Appeal from an order of the Family Court of Albany County (Kushner, J.), entered November 16, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 1998). A 1999 order, which was incorporated, but not merged, into the parties' 2000 judgment of divorce, set the father's weekly child support obligation at $150, which subsequently increased to $190 pursuant to a cost of living increase. The mother thereafter filed a petition for an upward modification of the father's child support obligation. Following a hearing, a Support Magistrate dismissed the petition on the ground that the mother had failed to satisfy her evidentiary burden. Family Court granted the mother's objections to that determination, finding that the child support provisions of the parties' judgment of divorce were invalid and unenforceable, and remitted the matter for a de novo determination of the father's child support obligation. Upon remittal, the Support Magistrate set the father's child support obligation at $748.41 biweekly. Family Court denied the father's objections, and, upon his appeal, this Court reversed and remitted the matter for further proceedings (155 AD3d 1327 [2017]).
Thereafter, the father cross-petitioned for a downward modification of his child support obligation. Following a hearing, the Support Magistrate set the father's weekly child support obligation at $200. In November 2018, Family Court granted the mother's objections and increased the father's weekly child support obligation to $380.45, effective November 22, 2017. The father appeals.
The children, who are twins, turned 21 on June 24, 2019. Consequently, the father's obligation to pay child support has ceased (see Family Ct Act § 413 [1] [a]). Moreover, even if we were to reverse Family Court's November 2018 order, the father would have no avenue to regain any sums he might have overpaid in child support. To that end, there is "a strong public policy against restitution or recoupment of [child] support overpayments" and we see no basis to depart from that policy here (Johnson v Chapin, 12 NY3d 461, 466 [2009] [internal quotation marks and citations omitted]; accord Matter of Kanya J. v Christopher K., 175 AD3d 760, 764 [2019], lvs denied 34 NY3d 905, 906 [2019]). We are mindful that the November 2018 order retroactively set a higher rate of child support than that paid by the father between November 22, 2017 and November 16, 2018, thereby creating an immediate arrearage. Typically, "where a final order of support retroactively sets a higher rate than that paid during the pendency of the proceeding, . . . credit should be given regarding such arrearage" (Matter of O'Brien v Rutland, 180 AD3d 1183, 1184 [2020] [internal quotation marks, brackets and citations omitted]). Here, however, the parties have informed us that the arrearage has been paid in full. Therefore, even if we were to determine that reversal was appropriate, no credit against arrears could inure in favor of the father. Given such circumstances, and because the father is unable to recoup any child support overpayments, "the rights of the parties will [not] be directly affected by the determination of [this] appeal" and it must be dismissed as moot (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; compare Matter of O'Brien v Rutland, 180 AD3d at 1184).
Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.