Matter of Fielder v Fielder (2020 NY Slip Op 07568)





Matter of Fielder v Fielder


2020 NY Slip Op 07568


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2020-01447
 (Docket Nos. F-29875-10/18L, V-06869-70-09/12G, V-12007-08-09/12H)

[*1]In the Matter of Jimmie Fielder, respondent,
v
Laura Fielder, appellant. 


Peter C. Lomtevas, Brooklyn, NY, for appellant.
Brian Zimmerman, Brooklyn, NY, for respondent.
Patricia A. Carrington, Brooklyn, NY, attorney for the child Adelaie F.
Todd D. Kadish, Great Neck, NY, attorney for the child Archellus F.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 4 and 6, the mother appeals from an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated January 14, 2020. The order, insofar as appealed from, after a hearing, granted the father's petition to suspend his child support obligation.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the father's petition to suspend his child support obligation is denied.
Pursuant to a stipulation of settlement incorporated into the parties' judgment of divorce in 2008, the parties were awarded joint custody of their children, with residential custody to the mother and parental access to the father. The father also was directed to pay child support to the mother.
After various petitions were filed by both parties regarding custody, support, and parental access, the father moved for primary residential custody of the parties' children, alleging that the mother had improperly involved the children in the proceedings, and interfered with his relationship with them. The mother took an appeal from the resulting March 2, 2015 Family Court order awarding the father sole residential custody, which determination was made without a hearing. This Court reversed the order and remitted the matter for a new determination of the father's petition following a full hearing (see Matter of Fielder v Fielder, 137 AD3d 1129).
The father subsequently filed a petition to suspend his child support obligation, on the grounds of parental alienation and custodial interference. After a hearing, the Family Court dismissed the father's custody petition as academic given the ages of the children, and granted the father's petition to suspend his child support obligation. The mother appeals.
Parents must support their children until they reach the age of 21 (see Family Court [*2]Act § 413[1][a]; Jones v Jones, 109 AD3d 877). "Child support payments may be suspended, however, 'where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent'" (Matter of McNichol v Reid, 176 AD3d 713, 714, quoting Matter of Thompson v Thompson, 78 AD3d 845, 846). Suspension of child support is only appropriate when the custodial parent's actions rise to the level of deliberate frustration or active interference with the noncustodial parent's visitation rights (see Matter of Coull v Rottman, 131 AD3d 964; Matter of Vasquez v Powell, 111 AD3d 754).
"Determinations of custody and [parental access] matters turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and where a full evidentiary hearing has been held on the child's best interests, the resultant findings will not be lightly set aside on appeal" (Matter of Thompson v Thompson, 78 AD3d at 846). Here, however, the Family Court's determination to suspend the father's child support obligation lacks a sound and substantial basis in the record (see Matter of Mario D. [Marina L.], 147 AD3d 828). The hearing record does not support a determination that the mother deliberately frustrated or actively interfered with the father's parental access rights (see Matter of Crouse v Crouse, 53 AD3d 750). Accordingly, the father's petition to suspend his child support obligation should have been denied.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court