Matter of Milano v Anderson (2021 NY Slip Op 01903)





Matter of Milano v Anderson


2021 NY Slip Op 01903


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


261 CAF 20-00606

[*1]IN THE MATTER OF JOSEPH MICHAEL MILANO, PETITIONER-APPELLANT,
v
TERESA A. ANDERSON, RESPONDENT-RESPONDENT. 






LOCKHART LAW OFFICE, P.C., NORTH SYRACUSE (BETH A. LOCKHART OF COUNSEL), FOR PETITIONER-APPELLANT.
CDH LAW, PLLC, SYRACUSE (J. DAVID HAMMOND OF COUNSEL), FOR RESPONDENT-RESPONDENT.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered May 3, 2019 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of petitioner to an order of a Support Magistrate. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner father appeals from an order denying his written objections to the order of the Support Magistrate, which dismissed his petition seeking to terminate his child support obligation on the ground that the subject child was emancipated due to her participation in the Air Force Reserve Officer Training Corps. We dismiss the appeal as moot.
"Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]). "Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman, 19 NY3d at 1090; see City of New York v Maul, 14 NY3d 499, 507 [2010]). "An exception to the mootness doctrine may apply, however, where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Coleman, 19 NY3d at 1090; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Here, during the pendency of this appeal, the child turned 21 years old and, therefore, the father's obligation to pay child support ceased (see Family Ct Act § 413 [1] [a]; Matter of Frederick-Kane v Potter, 187 AD3d 1436, 1436 [3d Dept 2020]). Moreover, even if the father succeeded on this appeal, he "would have no avenue to regain any sums he might have overpaid in child support" (Frederick-Kane, 187 AD3d at 1436). "[T]here is a 'strong public policy against restitution or recoupment of support overpayments' " (Johnson v Chapin, 12 NY3d 461, 466 [2009], rearg denied 13 NY3d 88 [2009]), and we conclude that there is "no basis to depart from that policy here" (Frederick-Kane, 187 AD3d at 1437). Under the circumstances of this case, " 'the rights of the parties will [not] be directly affected by the determination of [this] appeal' " (id., quoting Hearst Corp., 50 NY2d at 714). Contrary to the father's contention, we conclude that the exception to the mootness doctrine does not apply (see generally Saratoga County Chamber of Commerce, 100 NY2d at 811-812; Hearst Corp., 50 NY2d at 714-715).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court