Matter of Grimes v Medero (2022 NY Slip Op 06362)

Matter of Grimes v Medero

2022 NY Slip Op 06362

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

765 CAF 21-01615

[*1]IN THE MATTER OF KRISTEN M. GRIMES, PETITIONER-APPELLANT,
v
FELIX A. MEDERO, JR., RESPONDENT-RESPONDENT. 

ALEXANDER KOROTKIN, ROCHESTER, FOR PETITIONER-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ELIZABETH D. TAFFE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Family Court, Yates County (Jason L. Cook, J.), entered July 28, 2021 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to an order of the Support Magistrate. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner mother appeals from an order denying her written objections to an order of the Support Magistrate, which dismissed her petition for modification of her child support obligation. During the pendency of this appeal, the subject child turned 21 years old and, therefore, the mother's obligation to pay child support ceased (see Family Ct Act § 413 [1] [a]; Matter of Milano v Anderson, 192 AD3d 1668, 1669 [4th Dept 2021]). Moreover, even if the mother succeeded on this appeal, she "would have no avenue to regain any sums [s]he might have overpaid in child support" (Matter of Frederick-Kane v Potter, 187 AD3d 1436, 1436 [3d Dept 2020]). "[T]here is a 'strong public policy against restitution or recoupment of support overpayments' " (Johnson v Chapin, 12 NY3d 461, 466 [2009], rearg denied 13 NY3d 888 [2009]), and we conclude that there is "no basis to depart from that policy here" (Frederick-Kane, 187 AD3d at 1437). Under the circumstances of this case, " 'the rights of the parties will [not] be directly affected by the determination of [this]
appeal' " (id., quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). We therefore dismiss the appeal as moot (see Milano, 192 AD3d at 1669).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court