Matter of Lew v Lew (2023 NY Slip Op 01192)

Matter of Lew v Lew

2023 NY Slip Op 01192

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-07490
 (Docket No. F-13920-09/21G)

[*1]In the Matter of Thierry Lew, appellant,
v
Dorothy Lew, respondent.

Thierry Lew, Seaford, NY, appellant pro se.
Dorothy Lew, Long Beach, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Lisa A. Cairo, J.), dated September 16, 2021. The order, without a hearing, in effect, granted the mother's motion to dismiss that branch of the father's petition which was to suspend his basic child support obligation on the ground of parental alienation and dismissed that branch of the petition with prejudice.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof dismissing that branch of the father's petition which was to suspend his basic child support obligation on the ground of parental alienation with prejudice, and substituting therefor a provision dismissing that branch of the petition without prejudice; as so modified, the order is affirmed, without costs or disbursements.
The parties, who have one child together, were divorced by a judgment of divorce entered November 24, 2009. Under the terms of the judgment of divorce, the father was to pay basic child support in the sum of $220 per week and 50% of child care expenses. In April 2021, the father filed a petition for a downward modification, suspension, or termination of his child support obligations on the ground that there had been a substantial change in circumstances in that he had been unemployed since September 2020, the child had been alienated from him, and the child no longer needed child care. In an order dated June 24, 2021, a Support Magistrate terminated the father's obligation to pay child care expenses.
The Support Magistrate referred the issue of parental alienation to the Family Court (see Family Ct Act § 439[a]). Subsequently, the mother moved to dismiss that branch of the father's petition which was to suspend his basic child support obligation on the ground of parental alienation. In an order dated September 16, 2021, the court, without a hearing, in effect, granted the mother's motion and dismissed that branch of the father's petition for failure to state a cause of action with prejudice. The father appeals.
"On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7), all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference" (Matter of Gerety v Gerety, 203 AD3d 827, 829 [internal quotation marks omitted]). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal [shall] not eventuate" (id. at 829 [internal quotation marks omitted]; see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d 630, 630). Moreover, "[u]pon an application to set aside or vacate an order of support, no hearing shall be required unless such application shall be supported by affidavit and other evidentiary material sufficient to establish a prima facie case for the relief requested" (Family Ct Act § 451[1]; see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d at 631; Matter of Camarda v Charlot, 182 AD3d 532, 533-534).
Generally, parents must support their children until they reach the age of 21 (see Family Ct Act § 413[1][a]; Matter of Fielder v Fielder, 189 AD3d 1231, 1232). "Child support payments may be suspended, however, where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent" (Matter of McNichol v Reid, 176 AD3d 713, 714 [internal quotation marks omitted]; see Matter of Thompson v Thompson, 78 AD3d 845, 846). "Such a suspension is warranted only where the custodial parent's actions rise to the level of deliberate frustration or active interference with the noncustodial parent's [parental access] rights" (Matter of McNichol v Reid, 176 AD3d at 174 [internal quotation marks omitted]; see Matter of Fielder v Fielder, 189 AD3d at 1232).
Here, the father's allegation of parental alienation in his petition consists of the conclusory assertion that the "child has been alienated and has no relationship with or desire to have any contact with [him] including therapeutic visitation." The father did not allege conduct on the part of the mother that, if proven, would rise to the level of deliberate frustration or active interference with his parental access rights so as to warrant suspension of his basic child support obligation (see Matter of Mazzola v Lee, 76 AD3d 531, 532; see also Jones v Jones, 109 AD3d 877, 877-878). Moreover, in a prior parental access proceeding, this Court affirmed the Family Court's determination that the father did not have a right to reasonable parental access because parental access with the father would be detrimental to the child's well-being (see Matter of Lew v Lew, 152 AD3d 520, 521).
Accordingly, the Family Court properly dismissed that branch of the father's petition which was to suspend his basic child support obligation on the ground of parental alienation without a hearing (see Jones v Jones, 109 AD3d at 877).
However, the Family Court should not have provided that the dismissal was "with prejudice." The court has continuing jurisdiction to modify, set aside, or vacate a prior order of child support pursuant to Family Court Act § 451 (see Matter of Rodriguez v Starks, 194 AD3d 1063, 1066-1067).
The father's contention regarding that branch of his petition which was to terminate his obligation to pay child care expenses is not properly before this Court, since he did not file objections to the Support Magistrate's order dated June 24, 2021, which decided the issue (see Matter of Henry v Greenidge, 127 AD3d 1192, 1193; see also Family Ct Act § 439[e]).
The father's remaining contention, regarding that branch of his petition which was for a downward modification of his child support obligation based on his unemployment, is not properly before this Court since, on this record, it remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543; see also Matter of Rothschild v Edwards, 63 AD3d 744, 746).
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court