Matter of Christopher Z. v Jessica AA. (2025 NY Slip Op 02829)

Matter of Christopher Z. v Jessica AA.

2025 NY Slip Op 02829

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CV-23-1785
[*1]In the Matter of Christopher Z., Appellant,
v
Jessica AA., Respondent. (And Four Other Related Proceedings.)

Calendar Date:March 26, 2025

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Aaron A. Louridas, Delmar, for appellant.
Nicole R. Rodgers, Saratoga Springs, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Saratoga County (Paul Pelagalli, J.), entered August 9, 2023, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unwed parents of the subject child (born in 2006). Pursuant to a 2018 order entered upon consent, the mother had sole legal and physical custody, and the father was given a three-hour supervised visit each week, as well as two phone calls per week and additional parenting time as the parties could agree. As for child support, the father was obligated to make certain payments through the Support Collection Unit.
In August 2019, the father filed a petition to modify his support obligation, alleging that the mother was not allowing him to see the child. The father later sought to modify the custody order on the ground that the parties were unable to agree on a parenting time schedule, and he also filed subsequent enforcement petitions. A fact-finding hearing was held over seven nonconsecutive days between May 2021 and July 2023, followed by a Lincoln hearing, after which Family Court found that the father had failed to demonstrate that the mother had violated any order of the court or wrongfully interfered with his right to visitation with the child. Thus, the court dismissed the father's support modification petition and enforcement petitions, but partially granted his custody modification petition by requiring, among other things, therapeutic parenting time. The father appeals.[FN1] [FN2]
"A parent's duty to support his or her child until the age of 21 may be suspended where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodian" (Matter of Kelly N. v Chenango County Dept. of Social Servs., 234 AD3d 1041, 1042 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Kanya J. v Christopher K., 175 AD3d 760, 763 [3d Dept 2019], lvs denied 34 NY3d 905 [2019], 34 NY3d 906 [2019]). It is the noncustodial parent's burden to establish that the custodial parent "intentionally orchestrated and encouraged the estrangement" between the noncustodial parent and child, or that the custodial parent "actively interfered with or deliberately frustrated his [or her] visitation rights" (Matter of Curley v Klausen, 110 AD3d 1156, 1157 [3d Dept 2013] [internal quotation marks and citations omitted]; accord Matter of O'Brien v Rutland, 180 AD3d 1183, 1184 [3d Dept 2020]).
Family Court fully credited the hearing testimony of the mother, while finding the father to be of limited credibility, noting that he "was not a good historian." It was the mother's testimony that she had encouraged the child to visit with the father, although she could not force him to do so. The mother stated that the father had missed numerous visits [*2]with the child and, contrary to the father's claim, he had declined her offers to reschedule the visits. According to the mother, she had provided educational and medical releases to the father to allow him to access the child's records, but the father had never utilized them, nor had he ever attended a parent teacher conference, requested any holiday time with the child or sent the child a card or gift. The mother's assertion that the child's relationship with the father had never been very good was reinforced by the father's admissions that he did not know the name of the child's school or pediatrician, and that the child routinely did not respond to his calls and texts.
The mother also indicated that, at one point, a therapeutic parenting program was set up and she "begged" the child to attend visits with the father as part of this program, but the child no longer wished to attend after one session when the father brought along one of his other children, who confronted the subject child, upsetting him. The mother's version of events surrounding the therapy sessions was corroborated by the testimony of the therapist, who was of the opinion that the mother was trying to encourage the child to go to therapy with the father and, indeed, had provided the child's cell phone number to the therapist in order to facilitate the therapeutic visits. Considering all of the testimony as well as the transcript of the Lincoln hearing, we agree with Family Court that the father failed to meet his burden of showing that the mother unjustifiably frustrated his access to the child such that a modification of his child support obligation would be warranted (see Matter of Kelly N. v Chenango County Dept. of Social Servs., 234 AD3d at 1043; Matter of O'Brien v Rutland, 180 AD3d at 1184).
Clark, J.P., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Inasmuch as the child has reached the age of 18, the father does not challenge Family Court's custody ruling (see Family Ct Act §§ 119 [c]; 651 [b]) and, instead, focuses his argument on the court's ruling concerning child support.
Footnote 2: The mother has not filed a responsive brief in this appeal. The attorney for the child opposes the relief sought by the father.