Matter of Crystal NN. v Joshua OO. (2025 NY Slip Op 03368)

Matter of Crystal NN. v Joshua OO.

2025 NY Slip Op 03368

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-24-0012
[*1]In the Matter of Crystal NN., Appellant,
v
Joshua OO., Respondent. (And Another Related Proceeding.)

Calendar Date:April 28, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Amanda FiggsGanter, Albany, for appellant.
Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for respondent.
Veronica Reed, Schenectady, attorney for the child.
Sandra M. Colatosti, Albany, attorney for the child.

Garry, P.J.
Appeal from an order of the Family Court of Albany County (Sherri Brooks-Morton, J.), entered December 6, 2023, which, among other things, in a proceeding pursuant to Family Ct Act article 4, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject children (born in 2004 and 2006). It appears that an order of custody as to the children was entered on the parties' consent sometime in 2013. A support order was also entered around that time, directing the mother, as the noncustodial parent, to pay the father certain weekly child support. Following violation, enforcement and modification petitions by the parties regarding the prior custody order, a 2017 modified order of custody was entered, also on the parties' consent, directing that the father would continue to have sole legal and primary physical custody of the children and that the mother would have regular parenting time with the children, primarily on alternating weekends with certain weekday telephonic and/or electronic access. At that time, the parties agreed that the mother's parenting time with the younger child would be only on the younger child's consent and that the father would encourage the younger child to engage in counseling with the mother.
In 2023, the mother filed a petition to modify the prior support order, requesting termination of support with respect to the older child, who had since moved into her residence following abuse allegations against the father, and suspension of support with respect to the younger child, based on a theory of parental alienation. She alternatively requested a downward modification of her support obligation, and she further sought child support from the father for the older child. The parties appeared before a Support Magistrate (Hecht-Zako, S.M.), who indicated that a separate docket would be created for the mother's request for support and then transferred that branch of the mother's petition involving parental alienation to Family Court (Brooks-Morton, J.) (see Family Ct Act § 439 [a]). The matter proceeded to fact-finding on the sole issue of parental alienation. At the close of the mother's proof, Family Court granted a motion by the father, joined in by the attorney for the children,[FN1] to dismiss the mother's petition for failure to state a cause of action. The court later issued an order dismissing both of the mother's petitions in their entirety. The mother appeals, and we reverse.
A noncustodial parent's statutory duty to support his or her child until they reach 21 years of age may be suspended where the noncustodial parent establishes that the custodial parent has wrongfully interfered with or withheld visitation rights (see Domestic Relations Law § 241; Matter of Kelly N. v Chenango County Dept. of Social Servs., 234 AD3d 1041, 1042 [3d Dept 2025]; see also Family Ct Act § 413 [1] [a]). Although the parent seeking such suspension must [*2]ultimately demonstrate "deliberate frustration" or "active interference" with their visitation rights by a "preponderance of the evidence" (Matter of Hecht v Hecht, 222 AD2d 589, 589 [2d Dept 1995] [internal quotation marks and citation omitted]; see Matter of Curley v Klausen, 110 AD3d 1156, 1157 [3d Dept 2013]), where, as here, "Family Court is tasked with deciding a motion to dismiss at the close of the petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Shayne FF. v Julie GG., 221 AD3d 1202, 1203-1204 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Samantha WW. v Malek XX., 217 AD3d 1081, 1082 [3d Dept 2023]).
At the hearing, the older child testified that he repeatedly witnessed the father "sharply discourage[ ]" the younger child from having a relationship with the mother. According to the older child, the father would "interrogat[e]" the children following their visits with the mother and "constantly ridicule" the activities that they did with her. He would also "regularly . . . insult" the mother in front of them, including with respect to her disability and employment status. He explained that when he and the younger child visited the mother, they were permitted to wear only old clothes and shoes that did not fit them, and they were not allowed to bring personal items with them, including their phones. The older child recalled one specific instance where he asked the younger child to accompany him to visit the mother during an upcoming scheduled visit, which prompted the father to become "very angry" and to direct him to never talk to the younger child about visiting the mother again. The older child testified that he complied out of fear, offering additional testimony regarding a general environment of "intimidation," "fear" and "control" in the father's household. The father also allegedly required that the children refer to his wife as "mom" — in contravention of the operative custody order — insisting that "she is just as much, if not more of a mom to you guys than [the mother] is." Although the older child resisted that directive, the younger child eventually complied, after verbal reprimands. The older child also offered specific examples of how the father attempted to dissuade him from additional contact with the mother, including prohibiting him from using his cell phone to call the mother and deprivation of items, such as gaming consoles.
The mother testified that, following entry of the operative custody order, she obtained counseling for herself and the younger child. After some number of visits, the counselor allegedly informed the mother that the father did not support reunification and that, as long as the younger child was living in his home, there was nothing the counselor could do. [*3]The mother testified that she would call or text the younger child every week during court-ordered time to tell her she loves her, misses her and would love to see her. She added that she was careful not to do so excessively, explaining that the younger child was advised that it was manipulative of the mother to do so. The mother further stated that she had previously reached out to the father to help set up visits and facilitate phone calls with the younger child, but he would unilaterally shut down those attempts. Similarly, once the younger child was old enough to be given a cell phone, the mother had to initiate a court proceeding to obtain the younger child's phone number. The mother also testified that she would send the younger child gifts via the older child until the time when the older child moved out, adding that she did not send gifts or cards to the younger child's residence directly because she was aware that items sent in that manner were not ultimately received by the younger child. Although the mother initially received replies to her messages, and messages of thanks following the receipt of gifts, the younger child ultimately stopped communicating with the mother altogether.
Family Court's commentary on witness credibility in resolving the subject motion to dismiss suggests to this Court that an incorrect legal standard was applied (see Matter of Gerard P. v Paula P., 186 AD3d 934, 938-939 [3d Dept 2020]). When viewed in the proper light, we find that the foregoing proof was sufficient to withstand a motion to dismiss (compare Matter of Lew v Lew, 214 AD3d 732, 734 [2d Dept 2023]; see generally Matter of Franklin v Quinones, 225 AD3d 759, 761 [2d Dept 2024], lv denied 42 NY3d 903 [2024]; Matter of O'Brien v Rutland, 180 AD3d 1183, 1184 [3d Dept 2020]; Matter of Argueta v Baker, 137 AD3d 1020, 1021 [2d Dept 2016]; Matter of Whitaker v Case, 122 AD3d 1015, 1019-1020 [3d Dept 2014]; Matter of Kershaw v Kershaw, 268 AD2d 829, 830 [3d Dept 2000]). Thus, without passing judgment upon the ultimate success of the mother's claim, we reverse.
In light of our conclusion, the mother's remaining contentions are academic. However, in anticipation of remittal and continued fact-finding, we note that, to the extent that Family Court dismissed the remaining relief sought by the mother without a hearing, it did so in error. Dismissal "with prejudice" was also erroneous given the court's continuing jurisdiction over the order of child support (see Family Ct Act § 451; Matter of Lew v Lew, 214 AD3d at 735).
Egan Jr., Clark, Lynch and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The attorney for the children before Family Court represents only the younger child on this appeal. The older child has been assigned separate counsel, who supports the mother's position on appeal.