In a support proceeding pursuant to Family Court Act article 4, the wife appeals from an order of the Family Court, Queens County (Hunt, J.), dated March 31, 2011, which denied her objections to an order of the same court (Friederwitzer, S.M.), dated September 10, 2010, granting the petition to the extent of awarding the husband $100 per week in spousal support.
Ordered that the order dated March 31, 2011, is reversed, on the law, without costs or disbursements, the objections are granted, the order dated September 10, 2010, is vacated, and the petition is denied.
Pursuant to Family Court Act § 412, “[a] married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be *756 required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties.” This requires “a delicate balancing of each party’s needs and means” (Matter of Nisita v Nisita, 81 AD3d 832, 832 [2011] [internal quotation marks omitted]; see Matter of Shreffler v Shreffler, 283 AD2d 679, 680 [2001]; Matter of Mastrogiacomo v Mastrogiacomo, 149 AD2d 708, 709 [1989]). Thus, the determination of a wife’s spousal support obligation rests on the particular circumstances of the case, involving a balancing of factors such as her financial means, her need to have money on which to live after payments are made, the duration of the marriage, and the husband’s ability to support himself (see Matter of Nisita v Nisita, 81 AD3d 832 [2011]; Matter of Christian v Christian, 5 AD3d 765 [2004]). Under the circumstances presented here, there was no basis for the Support Magistrate’s determination with respect to spousal support. The wife did not possess sufficient means to support the husband. Based upon our review of the record, the evidence does not warrant a spousal support award to the husband.
In light of our determination, the wife’s remaining contentions need not be considered. Eng, P.J., Skelos, Dillon and Austin, JJ., concur.