Matter of Alterman v Shmushkovich (2020 NY Slip Op 02605)





Matter of Alterman v Shmushkovich


2020 NY Slip Op 02605


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-06349
 (Docket No. F-25732-13/17G)

[*1]In the Matter of Svetlana Alterman, respondent,
v
Alex Shmushkovich, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Ehrlich Gayner, LLP, New York, NY (Charles J. Gayner of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Kings County (Robert D. Mulroy, J.), dated May 7, 2019. The order of commitment, in effect, confirmed so much of an order of the same court (Kathryn A. Baur, S.M.) dated July 26, 2018, made after a hearing, as found that the father willfully violated a prior order of child support, and committed him to the custody of the New York City Department of Correction for a period of six months unless he paid the purge amount of $14,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Correction for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The parties were divorced in 2011 and have one child together. In January 2017, the mother commenced this proceeding against the father, alleging that he was in willful violation of an order of child support dated July 14, 2011. Following a hearing, the Support Magistrate found, inter alia, that the father had willfully failed to comply with his child support obligations and recommended that the father be incarcerated. Thereafter, in an order of commitment dated May 7, 2019, the Family Court, in effect, confirmed the Support Magistrate's determination, and committed the father to the custody of the New York City Department of Correction for a period of six months unless he paid the purge amount of $14,000. The father appeals.
Although the appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Correction for a period of six months must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of the order of child support is not academic in light of the enduring consequences which could flow from the finding that he violated the order of child support (see Matter of Stradford v Blake, 141 AD3d 725).
"Great deference should be given to the Family Court's credibility determinations, [*2]as it is in the best position to assess the credibility of the witnesses" (Matter of Ferrer v Brown, 165 AD3d 929, 930). Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Brewster v Davidson, 173 AD3d 1176, 1177). Once a prima facie showing of willfulness has been made, the burden shifts to the party who owes the support to offer some competent, credible evidence of his or her inability to comply with the order (see Family Ct Act § 455[5]; Matter of Powers v Powers, 86 NY2d 63, 69-70; Matter of Nassau County Dept. of Social Servs. v Henry, 136 AD3d 639, 640).
Here, the mother presented prima facie evidence of the father's failure to meet his support obligations as set forth in the order of child support (see Matter of Detore v Detore, 173 AD3d 1181, 1183; Matter of Brewster v Davidson, 173 AD3d at 1177; Matter of Nickel v Nickel, 172 AD3d 1210, 1211; Matter of Murray v Fils-Aime, 170 AD3d 847, 849). In response, the father failed to offer competent, credible evidence of his inability to comply with the order of child support (see Matter of Nickel v Nickel, 172 AD3d at 1212; Matter of Brady v White, 168 AD3d 724, 726; Matter of Robinson-Pickett v Sirius-El, 162 AD3d 1046, 1047-1048; Matter of Llama v Gorriti, 159 AD3d 825). In particular, the father failed to submit sufficient medical evidence to substantiate his contention that he was unable to work due to medical impairments (see Matter of Brewster v Davidson, 173 AD3d at 1177; Matter of Stradford v Blake, 141 AD3d 725; Matter of Mikhlin v Giuffrida, 119 AD3d 692). The father also failed to demonstrate that he made reasonable efforts to obtain employment to satisfy his child support obligations (see Matter of Ferrer v Brown, 165 AD3d at 930-931; Matter of Logue v Abell, 97 AD3d 582, 583).
Accordingly, we agree with the Family Court's determination, in effect, to confirm the Support Magistrate's finding of willfulness.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court