Matter of O'Brien v O'Brien (2020 NY Slip Op 04168)





Matter of O'Brien v O'Brien


2020 NY Slip Op 04168


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-07763
 (Docket No. F-8197-15)

[*1]In the Matter of Leanne M. O'Brien, respondent,
v
Keith W. O'Brien, appellant.


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Leanne M. O'Brien, New Hyde Park, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated June 5, 2019. The order of commitment, in effect, confirmed an order of disposition of the same court (Tomasina C. Mastroianni, S.M.) dated April 1, 2019, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of four days unless he paid a purge amount of $500.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of four days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother commenced this proceeding against the father, alleging that he was in willful violation of an order of child support. Following a hearing, the Support Magistrate issued an order dated April 1, 2019, finding that the father's failure to comply with the order of child support was willful. In an order of commitment dated June 5, 2019, the Family Court, in effect, confirmed the Support Magistrate's order and committed the father to the custody of the Nassau County Correctional Facility for a period of four days unless he paid the purge amount of $500. The father appeals from the order of commitment.
The appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of four days must be dismissed as academic, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725). However, in light of the enduring consequences which could flow from the determination that the father willfully violated a prior order of child support, the appeal from so much of the order of commitment as, in effect, confirmed the determination that the father was in willful violation of the order of child support is not academic (see Matter of Schad v Schad, 158 AD3d 705, 706).
The father's failure to pay child support constituted prima facie evidence of a willful [*2]violation of the order of child support (see Family Ct Act § 454[3][a]; Matter of Martin v Cooper, 96 AD3d 849, 851). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay child support in accordance with the terms of the order of child support was not willful (see Matter of Powers v Powers, 86 NY2d 63, 69-70). The father failed to satisfy his burden. Thus, we agree with the Family Court's determination, in effect, to confirm the Support Magistrate's finding that the father willfully violated the order of child support (see Matter of Bea v Winslow, 162 AD3d 763, 764-765).
Moreover, contrary to the father's contention, the record, viewed in totality, reveals that he received meaningful representation (see Matter of Murray v Fils-Aime, 170 AD3d 847, 849; Matter of Fletcher v Saul, 162 AD3d 1018, 1020; Matter of Becker v Guenther, 150 AD3d 985, 986).
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court