Matter of Young v Young (2020 NY Slip Op 04563)





Matter of Young v Young


2020 NY Slip Op 04563


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-13572
 (Docket No. F-19394-14)

[*1]In the Matter of Olga Young, respondent,
v
Olexandr Young, appellant.


Olexandr Young, Brooklyn, NY, appellant pro se.
Frank Bruno, Jr., Glendale, NY (Kamil Sebastian Karczmarczyk of counsel), for respondent.



DECISION & ORDER
In a spousal support proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated October 10, 2018. The order denied the husband's objections to an order of the same court (Elizabeth Shamahs, S.M.), dated June 14, 2018, which, after a hearing, directed him to continue to pay spousal support in the sum of $1,585.50 per month.
ORDERED that the order dated October 10, 2018, is affirmed, without costs or disbursements.
The parties were married on July 10, 2013. On July 30, 2014, following the husband's commencement of an action for a divorce in the Supreme Court, Kings County, the wife filed a petition in the Family Court, Kings County, seeking spousal support. The husband failed to appear before the Support Magistrate for a hearing on the petition, and an order of support dated September 3, 2014, was issued upon his default, directing him to pay spousal support to the wife in the amount of $1,585.50 per month.
In March 2015, the husband moved, inter alia, in the interest of justice, to vacate the order of support dated September 3, 2014. The Support Magistrate denied the husband's motion to vacate the order of support, but treated his motion as one for a downward modification. After a hearing, by order dated February 26, 2016, the Support Magistrate denied the husband's motion for a downward modification. The husband filed objections to the February 26, 2016, order. In an order dated June 16, 2016, the Family Court granted the husband's objections, reversed the order dated February 26, 2016, and remitted the matter for a de novo hearing to determine a reasonable amount and duration of spousal support, if any.
Although the Family Court did not vacate the September 2014 order of support, upon remittal, the Support Magistrate held a de novo hearing on the wife's initial petition. After the husband failed to comply with discovery orders, the Support Magistrate granted the wife's oral motion to preclude the husband from introducing evidence at the hearing of his financial circumstances. Nevertheless, at the hearing, the Support Magistrate permitted the husband to testify expansively in rebuttal and to introduce documents relevant to his financial circumstances. In an [*2]order dated June 14, 2018, the Support Magistrate directed the husband to continue to pay spousal support in the sum of $1,585.50 per month. On the record, at the end of the hearing, the Support Magistrate stated that any award of spousal support would end upon the end of the marriage. The husband filed objections to the order dated June 14, 2018. In an order dated October 10, 2018, the court denied the husband's objections to the order dated June 14, 2018. The husband appeals.
We agree with the Family Court's determination denying the husband's objections to the Support Magistrate's order dated June 14, 2018. "Great deference should be given to the credibility determination[s] of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Toumazatos v Toumazatos, 125 AD3d 870, 870-871). Here, there was no indication that the Support Magistrate was biased against the husband (see Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745), and the record supports the Support Magistrate's finding that the husband's testimony regarding his financial situation was not credible (see Matter of Toumazatos v Toumazatos, 125 AD3d at 870-871).
At the time the wife filed the subject petition in 2014, Family Court Act § 412 provided that "[a] married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties" (former Family Ct Act § 412). Further, caselaw regarding the former version of Family Court Act § 412 provided that "[t]his requires a delicate balancing of each party's needs and means'" (Matter of Nisita v Nisita, 81 AD3d 832, 832, quoting Matter of Shreffler v Shreffler, 283 AD2d 679, 680). It also set forth that "the determination of a . . . spousal support obligation rests on the particular circumstances of the case, involving a balancing of factors such as [the payor spouse's] financial means, [the payor spouse's] need to have money on which to live after payments are made, the duration of the marriage, and [the payee spouse's] ability to support himself [or herself]" (Matter of Jacobi v Jacobi, 100 AD3d 755, 756).
Here, using the discretionary standard set forth in the former version of Family Court Act § 412, the Support Magistrate properly based the needs of the wife on the standard of living of the parties prior to commencement of this proceeding in light of the husband's failure to respond to discovery demands concerning his income. Further, at the hearing, the wife submitted evidence that, after their separation in 2014, she lost her employment, was subject to eviction and collections proceedings, and qualified for housing assistance and food stamps. The husband conceded that he had supported the wife during their one-year marriage, and that, subsequent to their separation, he was supporting his mother, girlfriend, and infant child while continuing to consistently make payments to his credit card company and pay for housing. Further, he failed to sufficiently dispute the wife's claimed expenses and submitted no evidence to demonstrate that she was able to be self-supporting. Accordingly, under the circumstances presented here, we perceive no basis to disturb the Family Court's determination denying the husband's objections to the Support Magistrate's order continuing the order of support in the sum of $1,585.50 per month.
The husband's contention that the Family Court lacked subject matter jurisdiction over the issue of spousal support due to the pending divorce action is without merit (see Family Ct Act § 464[b]).
The husband's remaining contentions are not properly before this Court or are without merit.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court