Matter of Ellis v White (2020 NY Slip Op 05205)





Matter of Ellis v White


2020 NY Slip Op 05205


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-05699
 (Docket No. F-10755-18)

[*1]In the Matter of Cherise M. Ellis, respondent,
v
Corey A. White, appellant.


Gail Jacobs, Great Neck, NY, for appellant.
Cherise M. Ellis, Farmingdale, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Conrad D. Singer, J.), dated April 8, 2019. The order of commitment, in effect, confirmed an order of disposition of the same court (Adam E. Small, S.M.) dated April 8, 2019, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $6,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Rodriguez v Suarez, 93 AD3d 730); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother have one child together. An order of child support issued in 2013 directed the father to pay $225 per week in child support. The father failed to make payments and in December 2018, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of the child support order. On April 4, 2019, a hearing on the matter was held before a Support Magistrate, who subsequently issued an order of disposition determining that the father willfully violated the child support order. Thereafter, the Family Court issued an order of commitment dated April 8, 2019, which, in effect, confirmed the order of disposition, and committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $6,000. The father appeals from the order of commitment.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of the child support order is not academic in light of the enduring consequences which could flow from the [*2]finding that he violated that order (see Matter of Dezil v Garlick, 136 AD3d 904, 905).
"At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has 'willfully failed to obey [a] lawful order of support,' the burden is on the petitioner to establish that the respondent willfully violated the terms of the [order] by failing to pay the required support" (Matter of Yuen v Sindhwani, 137 AD3d 1155, 1156, quoting Family Ct Act § 454[3]). Evidence that the respondent failed to pay child support as ordered constitutes prima facie evidence of a willful violation and shifts the burden to the respondent to present competent, credible evidence of his or her financial inability to comply (see Matter of Merritt v Merritt, 160 AD3d 870, 871-872).
Here, the mother presented evidence that the father failed to pay child support as ordered, and thus, the burden shifted to the father to offer competent, credible evidence of his inability to make the required payments (see id. at 871-872). The father failed to sustain his burden because he failed to present evidence that he made a reasonable and diligent effort to secure employment (see Matter of Dezil v Garlick, 136 AD3d at 905-906; cf. Matter of Merritt v Merritt, 160 AD3d at 872). Thus, the father failed to offer competent, credible evidence of his inability to make the required payments (see Matter of Merritt v Merritt, 160 AD3d at 871-872).
Accordingly, we agree with the Family Court's determination, in effect, confirming the determination of the Support Magistrate that the father willfully violated the order of child support (see Matter of Schad v Schad, 158 AD3d 705, 706).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court