Matter of Clarke v Clarke (2021 NY Slip Op 02388)





Matter of Clarke v Clarke


2021 NY Slip Op 02388


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-02592 
2019-04791
2019-04792
 (Docket Nos. F-2412-16/18C/18D)

[*1]In the Matter of Catherine A. Clarke, respondent,
v
Morgan L. Clarke, appellant. (Proceeding No. 1.)
In the Matter of Morgan L. Clarke, appellant,
v
Catherine A. Clarke, respondent. (Proceeding No. 2.)


Ralph R. Carrieri, St. James, NY, for appellant.
Anthony DiPaolo, P.C., Queens Village, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated February 11, 2019, (2) an order of the same court dated April 3, 2019, and (3) an order of the same court dated April 8, 2019. The order dated February 11, 2019, insofar as appealed from, confirmed so much of an order of disposition of the same court (Tomasina C. Mastroianni, S.M.) dated January 16, 2019, made after a hearing, as determined that the father willfully violated a prior order of child support. The order dated April 3, 2019, denied the father's objections to the order of disposition, which, inter alia, awarded the mother $34,421.23 in child support arrears as of November 12, 2018, and, in effect, denied the father's petition for a downward modification of his child support obligation. The order dated April 8, 2019, insofar as appealed from, denied that branch of the father's motion which was for leave to reargue his objections to the order of disposition.
ORDERED that the appeal from the order dated April 8, 2019, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated February 11, 2019, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated April 3, 2019, is affirmed, without costs or disbursements.
Contrary to the father's contentions, the Family Court properly denied his objections to an order of disposition of the Support Magistrate dated January 16, 2019, which, after a hearing, determined that he willfully violated the child support terms of the parties' judgment of divorce by not paying child support from July 22, 2016, to April 12, 2018, in effect, denied his petition for a [*2]downward modification of his child support obligation, and awarded the mother $34,421.23 in child support arrears as of November 12, 2018.
The Support Magistrate properly determined that the father's violation of the child support terms of the parties' judgment of divorce was willful. The father failed to satisfy his burden of proving an inability to pay that would defeat the mother's prima facie case of willful violation (see Matter of Camaiore v Farance, 184 AD3d 561; Matter of Martin v Claesgens, 165 AD3d 1392; Matter of Schad v Schad, 158 AD3d 705).
Further, in support of his petition for a downward modification of his child support obligation, the father failed to demonstrate the existence of a substantial change in circumstances, or that there had been an involuntary reduction in his income by 15% or more since the judgment was entered (see Family Ct Act § 451[3]; Matter of Vasquez v Powell, 111 AD3d 754).
The Support Magistrate providently exercised her discretion in denying the father's application to have a witness appear telephonically at the hearing, as the father failed to comply with the procedure for the taking of such testimony (see 22 NYCRR 205.44; Matter of Grill v Genitrini, 168 AD3d 731; Matter of Labella v Murray, 139 AD3d 857; Matter of Kalantarov v Kalantarova, 109 AD3d 471).
The father's remaining contentions are without merit.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court