Matter of Stein-Zimic v Zimic (2021 NY Slip Op 03039)





Matter of Stein-Zimic v Zimic


2021 NY Slip Op 03039


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-00514
 (Docket No. F-7507-13/19L)

[*1]In the Matter of Heather M. Stein-Zimic, respondent,
v
Anthony Zimic, appellant.


Kristina S. Heuser, Locust Valley, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from a corrected order of commitment of the Family Court, Nassau County (Robin M. Kent, J.), dated January 2, 2020. The corrected order of commitment, in effect, confirmed an order of disposition of the same court (Nadine J. Satterthwaite, S.M.) dated December 18, 2019, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $15,000.
ORDERED that the appeal from so much of the corrected order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Ellis v White, 186 AD3d 1682); and it is further,
ORDERED that the corrected order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother commenced this proceeding against the father, alleging that he was in willful violation of an order of child support. Following a hearing, the Support Magistrate issued an order of disposition dated December 18, 2019, finding that the father's failure to comply with the order of child support was willful. In a corrected order of commitment dated January 2, 2020, the Family Court, in effect, confirmed the order of disposition and committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $15,000. The father appeals from the corrected order of commitment.
The appeal from so much of the corrected order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days must be dismissed as academic, as the period of incarceration has expired (see Matter of Ellis v White, 186 AD3d 1682, 1683; Matter of O'Brien v O'Brien, 185 AD3d 934, 934). However, in light of the enduring consequences that could flow from the finding that the father willfully violated a prior order of child support, the appeal from so much of the corrected order of commitment as, in effect, confirmed the finding that the father was in willful violation of the order of child support is not academic (see Matter of Ellis v White, 186 AD3d at 1683; Matter of O'Brien v O'Brien, 185 AD3d at 934).
"At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has 'willfully failed to obey [a] lawful order of support,' the burden is on the petitioner to establish that the respondent willfully violated the terms of the [order] by failing to pay the required support" (Matter of Ellis v White, 186 AD3d at 1683, quoting Family Ct Act § 454[3] [internal quotation marks omitted]). Evidence that the respondent failed to pay child support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69). If the petitioner makes this prima facie showing, the burden shifts to the respondent to present competent, credible evidence that his or her failure to pay support in accordance with the terms of the order was not willful (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Brady v White, 185 AD3d 921, 923). That burden may be satisfied by evidence of a financial inability to comply with the order (see Matter of Ellis v White, 186 AD3d at 1683; Matter of Alterman v Shmushkovich, 183 AD3d 559, 560; Matter of Atkinson v Atkinson, 181 AD3d 590, 591). Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses (see Matter of Young v Young, 186 AD3d 719, 720-721; Matter of Grace v Amabile, 181 AD3d 602, 604; Matter of Pacheco v Pacheco, 163 AD3d 576, 577).
Here, the mother presented evidence that the father failed to pay child support as ordered, and thus, the burden shifted to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Ellis v White, 186 AD3d at 1683; Matter of Alterman v Shmushkovich, 183 AD3d at 560; Matter of Atkinson v Atkinson, 181 AD3d at 591). The father failed to sustain his burden because he failed to present sufficient medical evidence to substantiate his contention that he was unable to work due to medical impairments (see Matter of Alterman v Shmushkovich, 183 AD3d at 560; Matter of Atkinson v Atkinson, 181 AD3d at 590-591; Matter of Brewster v Davidson, 173 AD3d 1176, 1177). The father also failed to present evidence that he made a reasonable and diligent effort to secure employment (see Matter of Ellis v White, 186 AD3d at 1683; Matter of Alterman v Shmushkovich, 183 AD3d at 560).
Contrary to the father's contention, the Family Court did not err in taking judicial notice of its prior decision, which was admitted into evidence on consent (see Matter of Department of Social Servs. v Cronin, 37 AD3d 463, 463; Matter of Allen v Strough, 301 AD2d 11, 18).
Accordingly, the Family Court properly, in effect, confirmed the finding of the Support Magistrate that the father willfully violated the order of child support.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court