Matter of Baeza v Baeza-Contreras (2021 NY Slip Op 05556)





Matter of Baeza v Baeza-Contreras


2021 NY Slip Op 05556


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2020-07333
 (Docket No. F-630-17)

[*1]In the Matter of Hermila Baeza, respondent,
v
Francisco J. Baeza-Contreras, appellant.


Preston J. Postlethwaite, New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Arlene Katz, J.), dated March 9, 2020. The order denied the father's objections to so much of an order of the same court (Carol Ann Jordan, S.M.) dated December 13, 2019, as, after a hearing, and upon findings of fact dated December 13, 2019, directed the father to pay certain unreimbursed health-related and childcare expenses.
ORDERED that the order dated March 9, 2020, is affirmed, without costs or disbursements.
The parties, who were previously married, have four children together. In July 2017, the Family Court entered an order of support on consent (hereinafter the support order) in which the father agreed to pay, among other things, a pro rata share of the children's unreimbursed health-related expenses and childcare expenses.
In June 2019, the mother commenced this proceeding seeking a determination that the father violated the support order. In an order dated December 13, 2019, the Support Magistrate, after a hearing, found that the father had violated the support order and directed him, inter alia, to pay certain unreimbursed health-related and childcare expenses. In an order dated March 9, 2020, the Family Court denied the father's objections to stated portions of the Support Magistrate's order. The father appeals.
The Family Court properly denied the father's objections to stated portions of the Support Magistrate's order dated December 13, 2019. The parties gave sharply divergent testimony on whether the father received notice of the health-related and childcare expenses claimed by the mother. The Support Magistrate credited the mother's testimony that she had sent several invoices to the father via text message until the father blocked communications from the mother's phone number. "Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Young v Young, 186 AD3d 719, 720 [internal quotation marks omitted]).
The father's remaining contentions are without merit.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court