Matter of Hanrahand v Hanrahand (2022 NY Slip Op 00662)





Matter of Hanrahand v Hanrahand


2022 NY Slip Op 00662


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2021-01694
 (Docket No. F-3481-18/20B)

[*1]In the Matter of Katherine T. Hanrahand, respondent, 
v
Francis Hanrahand, appellant.


Gary E. Eisenberg, New City, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated January 28, 2021. The order of commitment confirmed an order of the same court (Steven Kaufman, S.M.) dated November 16, 2020, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Dutchess County Jail for a period of three months unless he paid the purge amount of $5,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Dutchess County Jail for a period of three months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Ellis v White, 186 AD3d 1682); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother commenced this proceeding against the father in Putnam County, alleging that he was in willful violation of an order of child support. The proceeding was thereafter transferred to Dutchess County. Following a hearing, the Support Magistrate issued an order dated November 16, 2020, finding that the father's failure to comply with the order of child support was willful. In an order of commitment dated January 28, 2021, the Family Court confirmed the Support Magistrate's order and committed the father to the custody of the Dutchess County Jail for a period of three months unless he paid the purge amount of $5,000.
The appeal from so much of the order of commitment as committed the father to the custody of the Dutchess County Jail for a period of three months must be dismissed as academic, as the period of incarceration has expired (see Matter of Ellis v White, 186 AD3d 1682, 1683). However, in light of the enduring consequences that could flow from the finding that the father willfully violated a prior order of child support, the appeal from so much of the order of commitment as confirmed the finding that the father was in willful violation of the order of child support is not academic (see id. at 1683; Matter of O'Brien v O'Brien, 185 AD3d 934).
"At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has 'willfully failed to obey [a] lawful order of support,' the burden is on the petitioner to establish that the respondent willfully violated the terms of the [order] by failing to pay the required support" [*2](Matter of Ellis v White, 186 AD3d at 1683, quoting Family Ct Act § 454[3] [internal quotation marks omitted]). Evidence that the respondent failed to pay child support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69). If the petitioner makes this prima facie showing, the burden shifts to the respondent to present competent, credible evidence that his or her failure to pay support in accordance with the terms of the order was not willful (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Brady v White, 185 AD3d 921, 923). Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses (see Matter of Young v Young, 186 AD3d 719, 720-721; Matter of Grace v Amabile, 181 AD3d 602, 604; Matter of Pacheco v Pacheco, 163 AD3d 576, 577).
Here, the mother presented evidence that the father failed to pay child support as ordered, and thus, the burden shifted to the father to offer competent, credible evidence of his inability to make the required payments (see Matter of Ellis v White, 186 AD3d at 1683; Matter of Alterman v Shmushkovich, 183 AD3d 559, 560). The father did not testify at the hearing or offer any other evidence in support of his argument that he was unable to pay support that would have defeated the mother's prima facie case of willful violation (see Matter of Clarke v Clarke, 193 AD3d 929; Matter of Nocerino v Nocerino, 192 AD3d 1113; Matter of Camaiore v Farance, 184 AD3d 561).
Accordingly, the Family Court properly confirmed the finding of the Support Magistrate that the father willfully violated the order of child support.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court