Matter of Salz v Luce (2024 NY Slip Op 00907)

Matter of Salz v Luce

2024 NY Slip Op 00907

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-00644
2022-00645
 (Docket Nos. F-8490-18/18A, F-8490-18/20C)

[*1]In the Matter of Michelle Salz, respondent,
v
Derek Luce, appellant.

Derek Luce, Holbrook, NY, appellant pro se.
Mark A. Peterson, Smithtown, NY, for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from two orders of the Family Court, Suffolk County (Paul M. Hensley, J.), both dated December 27, 2021. The first order, insofar as appealed from, denied the father's objections, in effect, to so much of an order of the same court (John E. Raimondi, S.M.) dated December 17, 2019, as, upon findings of fact, also dated December 17, 2019, made after a hearing, dismissed the father's petition for a downward modification of his child support obligation and directed the father to pay attorneys' fees to the mother's counsel in the sum of $48,150. The second order, upon the first order, directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $49,352, plus interest at the statutory rate retroactive to September 23, 2021.
ORDERED that the first order dated December 27, 2021, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order dated December 27, 2021, is affirmed, without costs or disbursements.
Contrary to the father's contentions, the Family Court properly denied his objections, in effect, to so much of an order of the Support Magistrate dated December 17, 2019, as, upon findings of fact, also dated December 17, 2019, made after a hearing, dismissed his petition for a downward modification of his child support obligation set forth in a judgment of divorce dated August 23, 2016. In support of his petition, the father failed to demonstrate the existence of a substantial change in circumstances or that there had been an involuntary reduction in his income by 15% or more since the judgment of divorce was entered (see Family Ct Act § 451[3]; Matter of Clarke v Clarke, 193 AD3d 929, 930; Matter of Vasquez v Powell, 111 AD3d 754, 754).
The father's contention that the Family Court erred by directing him to pay attorneys' fees to the mother's counsel in the sum of $48,150 in connection with the proceeding for a downward modification of his child support obligation is without merit (see Matter of Westergaard v Westergaard, 106 AD3d 926, 926-927).
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court