Matter of Rasberry v Fernandez (2025 NY Slip Op 02921)

Matter of Rasberry v Fernandez

2025 NY Slip Op 02921

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-01160
 (Docket No. F-13453-20)

[*1]In the Matter of Randi Nicole Rasberry, respondent, 
v
Juan Jose Gilbert Fernandez, appellant.

Lynn Poster-Zimmerman, P.C., Huntington, NY, for appellant.
Mitev Law Firm, P.C., Stony Brook, NY (Vesselin V. Mitev of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated December 28, 2022. The order denied the father's objections to an order of the same court (Meridith Lafler, S.M.) dated October 14, 2022, which, after a hearing, and upon findings of fact also dated October 14, 2022, directed the father to pay basic child support in the sum of $8,646 per month.
ORDERED that the notice of appeal from the order dated October 14, 2022, is deemed to be a premature notice of appeal from the order dated December 28, 2022 (see CPLR 5520[c]; Matter of Fantel v Stamatatos, 59 AD3d 717); and it is further,
ORDERED that the order dated December 28, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The parties are the parents of one child, born in February 2020. On December 2, 2020, the mother filed a petition for child support. Following a hearing, a Support Magistrate determined that it was appropriate to calculate child support based upon combined parental income exceeding the statutory cap and directed the father to pay monthly basic child support in the sum of $8,646. Thereafter, the father filed objections to the Support Magistrate's order. In an order dated December 28, 2022, the Family Court denied his objections. The father appeals.
"The Child Support Standards Act sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Butta v Realbuto, 214 AD3d 973, 974 [internal quotation marks omitted]; see Family Ct Act § 413). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]). "[T]he Family Court must articulate an explanation of the basis for its calculation of child support based on parental income in excess of the [*2]statutory cap" (Matter of Peddycoart v MacKay, 145 AD3d 1081, 1084).
Here, the Support Magistrate sufficiently articulated the reasons for calculating child support based on parental income exceeding the statutory cap, and the record supports the determination. Therefore, the Family Court properly denied the father's objections (see Varnit v Varnit, 233 AD3d 917; Matter of Yaroshevsky v Yaroshevsky, 219 AD3d 609).
The father's remaining contentions are either without merit or unpreserved for appellate review, as he failed to raise them in his objections before the Family Court (see Matter of Giraldo v Fernandez, 199 AD3d 796).
We decline the mother's request to impose sanctions upon the father for prosecuting an allegedly frivolous appeal (see Matter of Nimkof v Nimkoff, 147 AD3d 850).
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court