Matter of Martinez v Lauretano (2025 NY Slip Op 04096)

Matter of Martinez v Lauretano

2025 NY Slip Op 04096

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-02435
 (Docket No. F-9703-11/22G)

[*1]In the Matter of Jehudaia Martinez, appellant,
v
Luigi Lauretano, respondent.

Jehudaia Martinez, Carteret, New Jersey, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Queens County (Dean Kusakabe, J.), dated February 23, 2024. The order denied the mother's objections to an order of the same court (Rosa M. Astuto, S.M.) dated January 12, 2024, which, after a hearing, dismissed the mother's petition alleging that the father was in willful violation of a prior order of child support.
ORDERED that the order dated February 23, 2024, is affirmed, without costs or disbursements.
The parties are the parents of two children, born in 2006 and 2008. In an order dated October 31, 2019 (hereinafter the child support order), the father was directed to pay to the mother basic child support in the sum of $230 per week. In August 2022, the mother commenced a proceeding alleging that the father was in willful violation of the child support order. Following a hearing, in an order dated June 8, 2023, the Support Magistrate determined, inter alia, that the father did not willfully violate the child support order and dismissed the petition. The mother filed objections to the Support Magistrate's order. In an order dated July 26, 2023, the Family Court remitted the matter to the Support Magistrate to clarify whether any specific, nontuition support payments were to be credited to the father and whether the petition was to be dismissed or granted as a result of those payments.
In an order dated January 12, 2024, the Support Magistrate dismissed the petition, based on, among other things, the mother's lack of credibility in establishing that arrears were owed. The mother filed objections to the order dated January 12, 2024. In an order dated February 23, 2024, the Family Court denied the mother's objections. The mother appeals.
Contrary to the mother's contention, the Family Court properly denied her objections to the order dated January 12, 2024. "At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has 'willfully failed to obey [a] lawful order of support,' the burden is on the petitioner to establish that the respondent willfully violated the terms of the [order] by failing to pay the required support" (Matter of Hanrahand v Hanrahand, 202 AD3d 679, 680, quoting Family Ct Act § 454[3] [internal quotation marks omitted]). Evidence that the respondent failed to pay child support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Rodriguez v Starks, 194 AD3d 1063, 1065). "If the petitioner makes this prima facie showing, the burden shifts to the respondent [*2]to present competent, credible evidence that his or her failure to pay support in accordance with the terms of the order was not willful" (Matter of Hanrahand v Hanrahand, 202 AD3d at 680). Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses (see Matter of Abizadeh v Petrushka, 224 AD3d 896, 897; Matter of Santman v Schonfeldt, 209 AD3d 742, 743).
Here, in response to the mother's prima facie showing, the Support Magistrate credited the father's testimony that he had made cash payments to the mother, which she had not acknowledged, and determined that the mother's testimony, including her failure to explain certain cash deposits in her bank account, lacked credibility. The Support Magistrate's credibility determinations were supported by the record and will not be disturbed (see Matter of Abizadeh v Petrushka, 224 AD3d at 897; Matter of Santman v Schonfeldt, 209 AD3d at 743; see generally Matter of Srivastava v Dutta, 220 AD3d 949, 951). Accordingly, the Family Court properly denied the mother's objections to the order dated January 12, 2024, dismissing the petition (see Family Ct Act § 441; cf. Matter of Santman v Schonfeldt, 209 AD3d at 743).
The mother's remaining contentions are unpreserved for appellate review, as she failed to raise them in her objections before the Family Court (see Matter of Rasberry v Fernandez, _____ AD3d _____, _____, 2025 NY Slip Op 02921, *2; Matter of Esposito v Rosa, 172 AD3d 858, 858).
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court