Matter of Hong Li v Chen

2026 NY Slip Op 02269

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Hong Li, appellant,

v

Michael D. Chen, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2025-02689, 2025-03361, (Index No. F-646-14/23E)

Betsy Barros, J.P.

Lillian Wan

Donna-Marie E. Golia

Elena Goldberg Velazquez, JJ.

Kinzler Law Group, PLLC, Lawrence, NY (Ben Kinzler of counsel), for appellant.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Nassau County (Lisa M. Williams, S.M.), dated November 15, 2024, and (2) an order of the same court (Robin M. Kent, J.) dated February 3, 2025. The order dated November 15, 2024, after a hearing, and upon findings of fact also dated November 15, 2024, insofar as appealed from, determined that the father's failure to pay child support was not willful. The order dated February 3, 2025, denied the mother's objections to the order dated November 15, 2024.

ORDERED that the appeal from the order dated November 15, 2024, is dismissed, without costs or disbursements; and it is further,

ORDERED that the order dated February 3, 2025, is affirmed, without costs or disbursements.

The parties, who have one child together, were divorced by a judgment of divorce dated March 20, 2009. According to the child support terms of a separation agreement dated July 22, 2008, which was incorporated but not merged into the judgment of divorce, the father agreed to pay the expenses of the child's college education, including tuition, books and supplies, room and board, travel, and incidental expenses (hereinafter the college expenses provision). On November 30, 2023, the mother filed a petition alleging, inter alia, that the father willfully violated the college expenses provision by failing to pay for the child's college expenses of approximately $130,000. Following a hearing, upon findings of fact dated November 15, 2024, in an order also dated November 15, 2024, the Support Magistrate, among other things, determined that the father had failed to obey the judgment of divorce but that his failure was not willful (hereinafter the Support Magistrate's order). The Support Magistrate also entered a money judgment in favor of the mother and against the father in the total sum of $99,300.04 for the outstanding college expenses. The mother filed objections to the Support Magistrate's order, contending that the Support Magistrate should have determined that the father's failure to pay was willful. In an order dated February 3, 2025, the Family Court denied the mother's objections. The mother appeals.

The mother's appeal from the Support Magistrate's order must be dismissed because that order was superseded by the order dated February 3, 2025 (see Matter of Kaloustian v Tsvetkov, 236 AD3d 789, 791).

Contrary to the mother's contention, the Family Court properly denied her objections [*2]to the Support Magistrate's order. At a hearing pursuant to Family Court Act § 454 to determine whether a respondent has willfully failed to obey a lawful order of support, the burden is on the petitioner to establish that the respondent willfully violated the terms of the order by failing to pay the required support (see id. § 454[3]; Matter of Martinez v Lauretano, 240 AD3d 597, 598; Matter of Hanrahand v Hanrahand, 202 AD3d 679, 680). Proof of failure to pay child support as ordered constitutes prima facie evidence of willful violation of an order of support (see Matter of Camacho v Leggio, 227 AD3d 1064, 1066; Matter of Santman v Schonfeldt, 209 AD3d 742, 743). If the petitioner makes this prima facie showing, the burden shifts to the respondent to present competent, credible evidence that his or her failure to pay support in accordance with the terms of the order was not willful (see Matter of Martinez v Lauretano, 240 AD3d at 598; Matter of Hanrahand v Hanrahand, 202 AD3d at 680). Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses (see Matter of Santman v Schonfeldt, 209 AD3d at 743; Matter of Hanrahand v Hanrahand, 202 AD3d at 680).

Here, the mother demonstrated that she had paid $99,290.04 for the child's college expenses, and it is undisputed that the father did not pay for those expenses. The Support Magistrate determined that the father had adduced competent, credible evidence, in response to the mother's prima facie showing, of his inability to make the required payments, meeting his burden of establishing that he did not willfully violate the judgment of divorce. The Support Magistrate's credibility determinations were supported by the record and will not be disturbed (see Matter of Martinez v Lauretano, 240 AD3d at 599; Matter of Santman v Schonfeldt, 209 AD3d at 743). The Support Magistrate also properly determined that the mother failed to demonstrate that she apprised the father of the amount due for the child's college expenses before commencing this proceeding.

Accordingly, the Family Court properly denied the mother's objections to the Support Magistrate's order.

BARROS, J.P., WAN, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court